966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
Stephen H. GOODWIN d/b/a S.H. Goodwin Electric, and its
Alter Ego, Goodwin Electric, Inc., Respondent.
 No. 92-5541.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1992.
 
 Before KEITH and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Stephen H. Goodwin d/b/a S.H. Goodwin Electric, and its Alter Ego, Goodwin Electric, Inc., its officers, agents, successors, and assigns, enforcing its order dated September 19, 1991, in Case Nos. 7-CA-30521(1), 7-CA-30683, and 7-CA-31376, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Stephen H. Goodwin d/b/a S.H. Goodwin Electric, and its Alter Ego, Goodwin Electric, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Telling employees that their efforts to secure representation by Local 445, International Brotherhood of Electrical Workers, AFL-CIO would be futile.
 
 
 4
 (b) Assaulting and interrogating employees about their suspected union or concerted activities.
 
 
 5
 (c) In the absence of a valid no-solicitation rule, telling employees that they could not talk to representatives of the Union during working time.
 
 
 6
 (d) Threatening employees with layoff if they selected the Union as their collective-bargaining representative.
 
 
 7
 (e) Laying off employees because charges under the Act had been filed on behalf of Respondent's employees.
 
 
 8
 (f) Refusing to recognize and bargain with the Union as the exclusive collective-bargaining representative of its employees in the following unit:
 
 
 9
 All full-time and regular part-time journeyman electricians, master electricians, apprentice electricians, electricians' helpers, air conditioning/repair technicians and parts employees employed by Respondent at its facility located in Battle Creek, Michigan, but excluding all professional employees, confidential employees, office clerical employees, and guards and supervisors as defined in the Act.
 
 
 10
 (g) In any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 11
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act.
 
 
 12
 (a) Make whole, with interest, Steven R. Evans and Anthony W. Randall for any loss of earnings and other benefits suffered by them as a result of the discrimination against them in the manner set forth in the remedy section of the Administrative Law Judge's Decision.
 
 
 13
 (b) Remove from its files any reference to the unlawful layoffs of Steven R. Evans and Anthony W. Randall and notify the employees in writing that this has been done and that the layoffs will not be used against them in any way.
 
 
 14
 (c) On request, bargain with the Union as the exclusive representative of the employees in the unit set forth above concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement.
 
 
 15
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 16
 (e) Post at its Battle Creek, Michigan place of business copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 17
 (f) Notify the said Regional Director in writing within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 18
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 21
 To bargain collectively through representatives of their own choice
 
 
 22
 To act together for other mutual aid or protection
 
 
 23
 To choose not to engage in any of these protected concerted activities.
 
 
 24
 WE WILL NOT lay you off or otherwise discriminate against any of you for supporting Local 445, International Brotherhood of Electrical Workers, AFL--CIO, or any other union.
 
 
 25
 WE WILL NOT tell you that your efforts to secure representation by the Union would be futile.
 
 
 26
 WE WILL NOT assault you because of, or interrogate you about, your union or concerted activities.
 
 
 27
 WE WILL NOT, in the absence of a valid no-solicitation rule, tell you that you may not talk to representatives of the Union during working time.
 
 
 28
 WE WILL NOT threaten you with layoff if you select the Union as your collective-bargaining representative.
 
 
 29
 WE WILL NOT lay you off because charges under the Act had been filed on behalf of our employees.
 
 
 30
 WE WILL NOT refuse to recognize and bargain with the Union as the exclusive collective-bargaining representative of its employees in the following unit:
 
 
 31
 All full-time and regular part-time journeyman electricians, master electricians, apprentice electricians, electricians' helpers, air conditioning/repair technicians and parts employees employed by us in Battle Creek, Michigan, but excluding all professional employees, confidential employees, office clerical employees, and guards and supervisors as defined in the Act.
 
 
 32
 WE WILL NOT in any other manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 33
 WE WILL make whole, with interest, Steven R. Evans and Anthony W. Randall for any loss of earnings and other benefits suffered by them as a result of their layoffs.
 
 
 34
 WE WILL remove from our files any reference to the unlawful layoffs of Steven R. Evans and Anthony W. Randall and notify the employees in writing that this has been done and that the layoffs will not be used against them in any way.
 
 
 35
 WE WILL, on request, bargain with the Union as the exclusive representative of the employees in the unit set forth above concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement.
 
 STEPHEN H. GOODWIN d/b/a
 S.H. GOODWIN ELECTRIC, AND ITS
 
 36
 ALTER EGO, GOODWIN ELECTRIC, INC.
 
 
 37
 (Employer)
 
 Dated ________ By ____________
 
 38
 (Representative)
 
 
 39
 (Title)
 
 
 40
 This is an official notice and must not be defaced by anyone.
 
 
 41
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313--226--3219.